UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHIHULY, INC., et al.,

           Plaintiffs,

   v.

DOYLE LACOUNT, et al.,

           Defendants.

CASE NO. C05-1158JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on the ex parte motion of Plaintiffs Chihuly, Inc. ("Chihuly") and Portland Press Corp. ("Portland Press") for a temporary restraining order (Dkt. # 3). As outlined below in the court's findings of fact and conclusions of law, the court GRANTS Plaintiffs' motion in part, DENIES it in part, and orders the parties to appear telephonically at 4:30 p.m. P.D.T. on Wednesday, July 6, 2005, for a hearing on Plaintiffs' motion for a preliminary injunction.

## II. FINDINGS OF FACT

1. Plaintiffs are Washington corporations. Their principal places of business are not apparent from the record.

2. Defendant Doyle LaCount is the owner of the Elizabeth Doyle Gallery, an art gallery in Wailea, Hawaii. Mr. LaCount resides in Hawaii. He owns Defendants

ORDER – 1

        Elizabeth Doyle Gallery, Inc. and Vetri 505, Inc., both Hawaii corporations with principal places of business in Hawaii.

3. There is no evidence that Defendants have been served with the complaint in this action or with Plaintiffs' motion for a temporary restraining order.

4. Plaintiffs represent Dale Chihuly, a Washington artist.

5. Each Plaintiff entered a separate consignment agreement with Defendants. Under the consignment agreement between Chihuly and Defendants, Defendants took possession of more than one million dollars worth of Chihuly artwork. Under the consignment agreement between Portland Press and Defendants, Defendants took possession of a smaller amount of artwork.

6. Due to disputes between the parties, Plaintiffs have exercised their right to terminate the consignment agreements. The agreements permit termination upon 10 days' notice to the other party. Chihuly notified Defendants of the termination of their agreement on May 29, 2005. It is not clear from the record whether Portland Press has provided a formal termination notice to Defendants.

7. Upon termination, the agreements obligate Defendants to return artwork in their possession within 10 days.

8. The most valuable components of the artwork are large blown-glass sculptures that were consigned to Defendants pursuant to the consignment agreement with Chihuly. Special equipment, material, and techniques are necessary to transport the sculptures without risk of damaging them. The special equipment and material are not available in Hawaii. Plaintiffs have shipped the required special equipment and material to Hawaii and are prepared to send a work crew to de-install the sculptures.

ORDER – 2

9.  In the wake of the dispute between the parties, Defendant LaCount has sent several e-mails to other art gallery owners and operators in which he asserts or implies that Plaintiffs and Mr. Chihuly have behaved unfairly, improperly, or unlawfully in dealings with himself and with other dealers. Although Plaintiffs assert that the e-mails contain numerous false and defamatory statements, they have not identified which statements are false or provided evidence of their falsity.

10. Plaintiffs claim that Defendants have not paid all royalties due under the agreements.

11. Plaintiffs claim that Defendants are falsely representing Elizabeth Doyle Gallery as an authorized Chihuly art dealer.

12. With the exception of the danger of damage to the large blown-glass sculptures, Plaintiffs have not identified the specific harm that they would incur because of Defendants' alleged wrongful conduct, nor have they explained why the harm is irreparable.

### III.  CONCLUSIONS OF LAW

1.  The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as Plaintiffs and Defendants are of diverse citizenship and the amount in controversy exceeds $75,000.

2.  In order to obtain a temporary restraining order, Plaintiffs must meet the standards for issuing a preliminary injunction. Stuhlbarg Int'l Sales, 240 F.3d at 839 n.7 (noting that preliminary injunction and temporary restraining order standards are "substantially identical").

3.  In order to obtain a preliminary injunction, Plaintiffs must meet either the Ninth Circuit's "traditional" or "alternative" test. The traditional test requires the court to find that:

ORDER – 3

> (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.

Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

4. The alternative test requires the court to find that: "(1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Id. (citations omitted).

5. The two prongs of the alternative test are not separate inquiries, but rather "extremes of a single continuum." Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003). A strong showing of hardship means that a plaintiff need not show as strong a likelihood of success, and vice versa. See id.

6. The court's ultimate decision on a motion for preliminary injunction is within its discretion. Cassim, 824 F.2d at 796.

7. Under Fed. R. Civ. P. 65(b), an ex parte temporary restraining order can issue only if:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and
> (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

8. The court finds that the record reveals that Plaintiffs have consistently explained to Defendants via e-mail that they intend to seek injunctive relief in this matter, and that those efforts are sufficient to satisfy Fed. R. Civ. P. 65(b)(2).

ORDER – 4

9. The court finds that it is likely that Plaintiffs will suffer immediate and irreparable harm if the artwork is transported or de-installed without specialized assistance.

10. The court finds that Defendants will suffer little or no hardship from not moving the artwork pending the resolution of Plaintiffs' preliminary injunction motion.

11. As to all other claims, the court finds that Plaintiff has not made a showing of irreparable harm sufficient to warrant an ex parte injunctive order.

## IV.  TEMPORARY RESTRAINING ORDER

Defendants and their representatives and employees, and any business entity under their control, including but not limited to the Elizabeth Doyle Gallery, are enjoined from moving or de-installing any artwork provided to them by Plaintiffs under the consignment agreements without the express permission of an authorized representative of Plaintiffs.

Plaintiffs are ordered to update the court via electronic filing as soon as they have completed service of the complaint, this motion, this order, and Plaintiffs' motion for preliminary injunction.

Provided that Plaintiffs serve Defendants with this order, the court directs the parties to appear telephonically at 4:30 p.m. P.D.T. on Wednesday, July 6, 2005, for a hearing on Plaintiffs' motion for a preliminary injunction.  The parties shall contact the court's Deputy Clerk, Gail Glass, at (206) 370-8522 before July 6 to arrange their telephonic appearances.  If Defendants wish to submit a written opposition to Plaintiffs' motion, the court must receive it no later than Tuesday, July 5, at 5:00 p.m. P.D.T.

In the interim, the court strongly encourages the parties to resolve any disputes regarding the transport of the artwork at issue.

This temporary restraining order shall continue in effect until the court issues an order on Plaintiffs' motion for a preliminary injunction.

ORDER – 5

Plaintiffs shall file an undertaking or bond with the court in the sum of $2,500. The above order shall not take effect until Plaintiffs serve Defendants with this order and file such undertaking or bond with the court.

Dated this 30th day of June, 2005.

								JAMES L. ROBART
								United States District Judge

ORDER – 6